UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

CIVIL ACTION NO. 04-207-JBC
CRIMINAL ACTION NO. 99-33-JBC

UNITED STATES OF AMERICA,                                           PLAINTIFF,

V.               MEMORANDUM OPINION AND ORDER

RANDALL E. COPE,                                                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This case, in which the defendant and his brother were convicted of plotting murder-for-hire, is before the court on defendant Randall Cope's objection to the magistrate judge's recommendation to deny his motion under 28 U.S.C. § 2255. The defendant argues that his conviction is tainted due to ineffective assistance of counsel and prosecutorial misconduct. Should the court deny his § 2255 motion, he seeks a certificate of appealability. The court, having reviewed the matter *de novo* in light of the petitioner's objections, will accept the report and recommendation, will deny the § 2255 motion, and will not issue a certificate of appealability. To the extent that the defendant does not object to the report and recommendation, the court concurs in the result recommenced by the magistrate judge. *Thomas v. Arn*, 474 U.S. 140 (1985).

**Facts and Procedural Background**

The facts and procedural history of this case are set out in the Sixth Circuit's opinion affirming the conviction of Randall Cope and his brother, Terry Wayne Cope ("Terry"). *United States v Cope*, 312 F.3d 757, 764-67 (6th Cir. 2002).

**Ineffective assistance of counsel**

A trial is presumed unfair where the defendant was denied counsel at a critical stage or where counsel completely failed to "subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 658-62 (1984). Absent error of this magnitude, an extremely deferential standard of review applies to all ineffective-assistance-of-counsel claims. *Strickland v. Washington*, 466 U.S. 668 (1984)*; West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). There is a strong presumption that counsel's conduct fell well within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Counsel is constitutionally ineffective if the representation fell below "an objective standard of reasonableness" and there is a "reasonable probability" that, but for counsel's impotence, the result would have been different. *Id.* at 694. Counsel's performance must have caused the defendant "to lose what he otherwise probably would have won." *West*, 73 F.3d at 84. "[T]he determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was snatched from the jaws of victory." *Id.* In his objections to the magistrate's report and recommendation, the defendant argues that he received ineffective assistance of counsel on seven occasions.

1.   *Conceding guilt during the closing argument*

The right to effective assistance of counsel extends to closing argument. *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003). However, "counsel has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the

2

broad range of legitimate defense strategy at that stage." *Id.* Therefore, "judicial review of a defense attorney's summation is . . . highly deferential – and doubly deferential when it is conducted through the lens of federal habeas." *Id.*

The defendant argues that his attorney conceded guilt during closing argument in three instances, and that counsel's statements were so prejudicial as to constitute a failure to subject the prosecution's case to meaningful adversarial testing under *Cronic*, 466 U.S. at 659. First, the defendant objects to counsel saying,

> I talked to the prosecutors about this thing on many – this case on many occasions. And I told them, you know, I'm not going to get a fair trial, I'm going to get a – strike that. No disrespect to the Court. I'm going to get a fair trial, but it's going to be a trial that's so overwrought with prejudice, because of what occurred here, that nobody in their right mind could acquit these people. I know that. And they shouldn't be acquitted of some things, perhaps. (DE 201).

Second, he objects to counsel saying,

> There was a shooting on 1-22 of '00. There is virtually no question about it. Did Randy Cope participate in it? Did he aid and abet Terry Cope to do it? There is no proof of that. Could you convict him? Absolutely. You folks have the power. You've got much more power than Her Honor. You've got much more power than those two U.S. Attorneys there. But you have the power to decide. As Mr. Howe said, you've got the power to vote back there. Could you convict him of it? There is no question. Did he do it? Probably not. That scares me.

Finally, he objects to counsel saying,

> The offense occurs when you take it to the next level and you actively participate and you do something to kill somebody, as was done in this case, but, however, not to David Bunning.

3

Counsel's first challenged statement is an appeal to the jury for fairness. Indeed, the four paragraphs immediately preceding this statement talk about duty and patriotism. Also, immediately afterwards, counsel says, "But the issue is, can you follow your duty and give these people a fair trial? And that's all we want." The Sixth Circuit has held that an appeal for a fair trial does not constitute ineffective assistance of counsel. *Campbell v. United States*, 364 F.3d 727, 733 (6th Cir. 2004) (statement that "if your verdict ultimately is guilty, so be it; it's guilty. That's what our system is about," was not improper). The statement that "they shouldn't be acquitted of some things, perhaps" is not a direct admission of guilt, nor does it fail to subject the prosecution's case to meaningful adversarial testing. Rather, it is an acknowledgment that, while the defendant behaved reprehensibly, he was not criminally liable because of government entrapment. *See Valenzuela v. U.S.*, 2005 WL 1355100, slip. op. (E.D. Mich 2005) (limited admission for purposes of advancing defense of entrapment is permissible).

Counsel's second challenged statement recognizes that the jury has the power to convict or to acquit the defendant, and argues that there is no proof to support a conviction. The phrase "that scares me," does not concede guilt, but is part of a larger colloquy discussing the jury's power to render a verdict. Nor does counsel's third statement admit guilt. In this section of the closing argument, counsel argues that it is not a crime to dislike someone or wish that they were dead, but that the crime occurs when you actually try to kill someone. However, counsel concludes, there is no proof that the defendant tried to kill David Bunning.

While counsel's eloquence may not have met the defendant's standards, it was not constitutionally deficient. *See Campbell,* 364 U.S. at 733.

2.   *Failure to interview the defendant's mother before her death*

The defendant argues that counsel erred by failing to interview his mother before her death, and that she could have testified that no guns were ever removed from her house.

The defendant's father, Wayne Cope, testified that he permitted Terry access to his guns and believed that Terry had taken a gun around the time of the shooting. Two secret service agents corroborated this testimony. Speculation about Ms. Cope's testimony does not establish a reasonable probability that the result of the proceeding would have been different. However, even if Ms. Cope testified as the defendant suggests she would have, it is not reasonably probable that the result would have been different in light of the evidence from Wayne Cope.

3.   *Failure to move to suppress evidence seized from the truck*

Despite joining in his brother's motion to suppress evidence seized from the truck, the defendant believes that his attorney should have raised additional arguments during the suppression hearing. Specifically, the defendant's attorney should have argued that Terry did not have authority to consent to the police search of the defendant's truck, that the search violated the defendant's Fourth Amendment rights, and that evidence from that search could not be used against the defendant. However, on direct appeal, the Sixth Circuit held that the search of the truck was valid under the automobile exception. *Cope,* 312 F.3d at 774-75.

5

Therefore, even if the defendant's attorney had raised additional arguments at the suppression hearing, they would have been futile. The automobile exception made the search legal notwithstanding Terry's purported lack of authority to consent to a search, and the evidence was properly admitted against the defendant.[1]

4.      *Failure to move to recuse the United States Attorney's Office*

The defendant argues that because David Bunning, an alleged target in the murder-for-hire plot, was an Assistant U.S. Attorney, the entire office should have been recused to limit the possibility of prosecutorial bias. Disqualification of an entire U.S. Attorney's office is unprecedented. *E.g., United States v. Caggiano*, 660 F.2d 184, 190-91 (6th Cir. 1982) (it was error for the district court to recuse the entire United States Attorney's office where one prosecutor had previously represented the defendant); *United States v. Bolden*, 353 F.3d 870, 879 (10th Cir. 2003) (disqualification of the entire office is reversible error); *United States v. Whitaker,* 268 F.3d 185 (3d Cir. 2001); *In re Grand Jury Proceedings*, 700 F. Supp. 626, 630-31 (D. P.R. 1988) (allegations that the entire office had a

---

[1] Terry's actual authority to consent to a search also weighs against the defendant. "[T]he consent of one who possesses common authority over the premises or effects is valid as against the absent, non-consenting person with whom that authority is shared." *United States v. Matlock*, 415 U.S. 164, 170 (1974). Common authority requires the "mutual use of the property by persons generally having joint access or control for most purposes." *Id.* at 171. A search is valid where the facts available to the officer "justify a man of reasonable caution in the belief" that the consenting party had authority to consent. Because Terry had a key to the truck, had gotten in and started it, and had some personal items in it, the arresting officer had a reasonable belief that Terry had authority to consent to a search. His actual authority was irrelevant in determining the legality of the search. *See id.*

disqualifying emotional stake in the outcome stretched the concept of intra-office loyalty to its breaking point). Given that precedent disfavors recusal of an entire U.S. Attorney's office, the defendant's attorney did not err by failing to move for recusal. Nor is there any indication that the prosecuting attorneys were motivated by a desire for revenge, or that the results would have been different but for counsel's failure to move for recusal of the U.S. Attorney's office.

5.      *Failure to object to prosecutorial misconduct*

The defendant contends that his attorney should have objected to the prosecutor's demonstrative aids, including a power point presentation featuring AUSA Bunning and the firearms allegedly used in the commission of the crimes. Even if the defendant's attorney erred by not objecting to the prosecutor's use of these aids, no prejudice resulted. Regarding the slide show, the defendant was acquitted of conspiring to kill AUSA Bunning and, therefore, was not prejudiced by it. *See Cope*, 312 F.3d at 778-79 (Terry not prejudiced by slide show as he was acquitted of killing Bunning). Regarding the firearms, the Sixth Circuit affirmed their introduction at trial over the objection of Terry Wayne Cope, a co-defendant. *Id.* at 775-76. Therefore, even had counsel objected to the demonstrative aids, it is not reasonably probable that the ultimate result would have been different.

6.      *Failure to request funds to make use of a ballistics expert*

Despite that his co-defendant had retained a ballistics expert, the defendant

argues that his attorney should have hired his own expert.[2] The ballistics evidence was not the strongest evidence presented at trial. Indeed, the Sixth Circuit did not mention it when reviewing the sufficiency of the evidence on direct appeal. *Cope*, 312 F.3d at 767-68. Both defense attorneys conducted a highly effective cross-examination of the prosecution's expert, forcing him to admit that it was nearly impossible to link either defendant to the bullets found at the crime scene. Therefore, even if counsel had called his own ballistics expert, it is not reasonably probable that the results would have been different. *E.g. Riley v. Wainwright*, 778 F.2d 1544, 1549 (11th Cir. 1985) (no error in failing to retain defense ballistics expert given effective cross-examination of prosecution's expert); *Hughes v. United States*, 241 F. Supp. 2d 148, 157 (D.R.I. 2003) (failure to call firearms expert not unreasonable where expert's opinion would have added nothing to concessions from government's expert).

7.     *Failure to object to sentencing enhancements*

The defendant argues that his attorney should have objected to the sentencing enhancement under 18 U.S.C. § 924(c). The court sentenced the defendant to 240 months on this count because of the presence of an additional victim during the shooting. However, this additional victim was not named in the indictment and there was no jury finding as to her. Therefore, according to the defendant, the enhancement was unconstitutional under *United States v. Booker*,

---

[2] For various reasons, the defense ballistics expert was unable to analyze the firearms before the trial, and did not testify.

125 S.Ct. 738 (2005), and counsel erred by failing to object to it. The defendant also argues that the §924(c) enhancement violated double jeopardy because he was already convicted of aiding and abetting retaliation or intimidation of a witness by shooting. Defense counsel's failure to object on these grounds is not ineffective assistance of counsel.

During the trial, applicable case law was not so clear as to make it obvious to appellate counsel to advance the *Booker* argument. *See, e.g., McMillan v. Pennsylvania*, 477 U.S. 79 (holding that any fact that increases the statutory minimum sentence is a traditional sentencing factor to be weighed by the judge, not an element of the offense to be proven beyond a reasonable doubt by a jury). It was not until after the defendant's sentencing that the Supreme Court issued opinions that would have benefitted him. *See Blakley v. Washington,* 542 U.S. 296 (2004). That the counsel did not anticipate *Blakley* and present an analogous argument at sentencing does not mean that the petitioner suffered from ineffective assistance of counsel. Counsel is not required to anticipate the logic that the Supreme Court applies to future cases. *Fuller v. United States*, 398 F.3d 644, 651 n.4 (7th Cir. 2005). *See also United States v. Burgess*, 2005 WL 1515327 (6th Cir. 2005). Nor, under then-applicable law, did the court err in enhancing the defendant's sentence, as the record contained enough information to support the court's consideration of the uncharged victim. Also, retaliation and intimidation of a witness is a separate and distinct crime from the §924(c) offense, refuting the defendant's double jeopardy argument.

**Prosecutorial Misconduct**

The defendant argues that the United States failed to disclose exculpatory evidence and that it made improper opinion statements regarding his guilt. The court does not credit these arguments.

*1.     Failure to disclose exculpatory evidence*

The government must disclose exculpatory evidence to the defendant on request. *Brady v. State of Maryland*, 373 U.S. 83, 87-88 (1963); *Giglio v. United States*, 405 U.S. 150 (1972). The government has a duty to discover exculpatory evidence known to anyone acting on its behalf. *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999). However, a prosecutor has no obligation to discover potentially exculpatory evidence that it does not possess and of which it is not aware. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Mr. Sheppard testified for the prosecution concerning conversations he had with the defendants and their father about the murder-for-hire plot. Following the trial, Sheppard was indicted on federal firearms charges in the Western District of Kentucky. The defendant argues that the United States wrongfully withheld the fact that Mr. Sheppard was under investigation when he testified during trial.

In *Giglio*, the United States Supreme Court held that the government erred for failing to disclose to the defendant that it had promised a key witness that he would not be prosecuted if he testified for the government. *Giglio*, 405 U.S. at 151. Without the witness' testimony, "there would have been no indictment and no evidence to carry the case to the jury." *Id.* at 154. Because the witness'

10

testimony, and therefore his credibility, were critical to the case, the prosecution erred by failing to inform the defendant about the deal, which could have undermined the witness' credibility in front of the jury. *Id.*

Unlike *Giglio*, in this case there is no indication that the prosecutors in the Eastern District of Kentucky knew that Sheppard might be indicted in the Western District of Kentucky. The United States has filed pleadings to this effect (DE 264, 265). Nor has the defendant offered any evidence suggesting that the government made a deal with Sheppard and then failed to disclose its existence. Notwithstanding the government's filings, the defendant argues that "the Government most likely does a background check on witnesses who it calls to testify and [information related to the investigation] would have surfaced at that time." This mere allegation is not evidence that the government knew of the investigation or that Sheppard had made a deal with the government.

The defendant also seeks to conduct discovery to see whether the government knew of the investigation, or whether it offered incentives to other cooperating witnesses. However, all of the witnesses, including Sheppard, were cross-examined, and the defendant had the opportunity to explore their motives for testifying. The speculative assertion that the prosecutor may have withheld unspecified incentives, or that the government might have known of the investigation, is insufficient to require this court to grant an evidentiary hearing. *Hill v. Johnson*, 210 F.3d 481, 487-88 (5th Cir. 2000).

2.    *Improper opinion statements about the defendant's guilt.*

11

The defendant objects to the prosecutor's closing arguments, arguing that it contained an improper opinion statement regarding the defendant's guilt. The prosecutor stated:

> But members of the jury, the proof in this case, I submit to you, is absolutely overwhelming. You will never find a stronger case where two brothers, bent on rage, bent on retribution, bent on murder, engaged in a concerted action to try to get four people killed.

By failing to raise this issue on direct appeal, the defendant waived his right to raise it on this motion. Notwithstanding this failure, the defendant's claims are without merit, as the prosecutor's comments were not improper. *Compare Wilson v. Mitchell*, 250 F.3d 388, 398 (6th Cir. 2001) (statement that government has met its burden of proof is improper) *with United States v. Drake*, 885 F.2d 323, 323-24 (comments that the evidence is "overwhelming . . . unrebbutted and . . . consistent" is proper as the government is permitted to comment on the strength of its proof); *Wilson v. Grant*, 877 F. Supp. 380 (E.D. Mich 1995). Similarly, in the context of the lengthy closing statement, the remarks were isolated and not prejudicial to the defendant. *E.g. United States v. Fullerton*, 187 F.3d 587, 592 (6th Cir. 1999) (admission of flagrant comment was harmless error); *Lundy v. Campbell*, 888 F.2d 467, 479-80 (6th Cir. 1989) (isolated comments in six-page trial transcript are not prejudicial).

**Certificate of Appealability**

As reasonable-minded jurists could not disagree as to the outcome of this matter, the court will not issue a certificate of appealability. *Miller-El v. Cockrell*,

537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly,

    **IT IS ORDERED** that the magistrate judge's report and recommendation (DE 293) is **ADOPTED.**

    **IT IS FURTHER ORDERED** that the defendant's motion for relief under § 2255 (DE 239) is **DENIED.** The court will not issue a certificate of appealability.

Signed on January 24, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY