UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 99-033-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RANDALL E. COPE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is pending for consideration of Defendant Randall Cope's *pro se* motion for compassionate release. Having fully reviewed the matter, the Court finds that extraordinary and compelling reasons for releasing the defendant from his sentence do not exist in this case. Further, the relevant sentencing factors do not warrant granting a sentence reduction.

**I.**

On February 3, 2000, Cope was convicted of numerous crimes relating to a conspiracy with his brother, Terry Cope, to murder Sarah Jackson, a key witness in a credit card fraud case involving Cope, along with Elizabeth and Ronald Nimmo.[1] Cope was sentenced to 567 months' imprisonment, followed by five years of supervised release. [Record No. 182]

Cope filed a *pro se* motion for compassionate release on October 25, 2024. In support, he cites family reasons and argues that the need to take care of his ailing "89-Year-Old Invalid Father" is an "extraordinary and compelling circumstance" warranting relief. He cites *United States v. Oliva*, 2024 U.S. Dist. LEXIS 158654 (M.D. Tenn Sept. 4, 2024), and *United States*

---

[1] Elizabeth Nimmo is Terry Cope's ex-wife. She remarried Ronald Nimmo.

- 1 -

Case: 2:99-cr-00033-DCR-CJS    Doc #: 649    Filed: 02/06/25    Page: 2 of 7 - Page ID#: 1687


*v. Allison*, 2024 U.S. Dist. LEXIS 106477 (E.D. Mich. June 14, 2024), in support of his argument. He also discusses at length that he has reformed himself and become a model inmate to his fellow prisoners.

Cope further contends that his sentence should be reduced because, if he had been sentenced today, his sentence would be at least ten years shorter. Thus, he argues that his sentence should be reduced to avoid sentencing disparities. Finally, Cope argues that the relevant § 3553 factors favor a reduced sentence because he has served sufficient time to account for the nature and circumstances of his offense and he no longer poses a risk of recidivism.

## II.

As a general proposition, a district court may not modify a defendant's term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c); *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008). But "compassionate release" constitutes an exception to this rule. A sentence reduction is appropriate if the Court that extraordinary and compelling reasons warrant a sentence reduction, the relevant sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor reducing the sentence, and the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. However, developments in law and policy that are nonretroactive "do not factor into the extraordinary and compelling analysis." *United States v. McCall*, 56 F.4th 1048, 1065 (6th Cir. 2022).

**A.     Cope has not identified extraordinary and compelling reasons to warrant a sentence reduction.**

Cope asserts that his status as the sole caretaker for his father constitutes an "extraordinary and compelling" reason warranting early release. However, early release is typically available only if the defendant's immediate family member is "incapacitated" and the defendant is the only available or suitable caregiver. Bureau of Prisons guidelines define incapacitation as "as serious injury, or a debilitating physical illness and the result of the injury or illness is that the [individual] … is completely disabled, meaning that the [individual] … cannot carry on any self-care and is totally confined to a bed or chair." *United States v. Walker*, 2024 WL 580152 at *8 (D. N.J. Feb. 13, 2024). Further, a defendant seeking to demonstrate that a member of his family is incapacitated should provide verifiable medical information regarding the incapacitation *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020). And the defendant also should provide documentation that he is the only person capable of caring for the incapacitated family member. Cope has failed to make this showing.

Cope claims his 89-year-old father is "practically an invalid and bedridden almost constantly" and then lists a series of medical conditions his father suffers from including heart attacks, strokes, gallbladder issues, and prostate cancer. [Record No. 639 at p. 4 and 5] Cope goes on to represent that there are no others who can attend to his father's care and lists why other members of his family are unavailable.

Cope has provided an affidavit from his stepmother and father outlining his father's medical conditions and their need for support. [Record No. 639 at p. 21 and 22] The affidavits also indicate his parents believe they will be able to support the defendant and ensure that he does not find himself back in trouble. But in cases where courts have granted a defendant's motion for similar reasons, the defendant has provided more information than the defendant has provided in this instance. For example, in *United States v. Al Hunaity*, the defendant

submitted "extensive medical documentation" for both the defendant's incapacitated husband and provided detailed medical records of her minor daughter's health conditions. *United States v. Al Hunaity*, 2024 WL 982044 at *6. And in *United States v. Walker*, the defendant provided declarations of a social worker, case work, program director, case manager, investigator, and public defender. *Walker*, 2024 WL 580152 at *2.

The cases Cope cites indicate that he has not provided sufficient documentation to warrant early release. Cope also references *United States v. Oliva* in support of his motion. And while there are some similarities, Cope's affidavits do not provide any medical documentation beyond his stepmother and father's descriptions of their respective medical conditions. While helpful, these affidavits are not verifiable medical records like the defendant provided in *Oliva*. Further, in *Oliva*, the defendant's mother's only other child lived over two thousand miles away. While the Court recognizes the challenges with Cope's siblings providing care, they seem to be local and able to provide at least some assistance. *Oliva*, 2024 U.S. Dist. LEXIS 158654 at *5. *United States v. Allison* is also distinguishable because the defendant in there had been his mother's caretaker before incarceration, and her condition significantly worsened while he was serving his sentence. *Allison*, 2024 U.S. Dist. LEXIS 106477 at *10. In summary, Cope has failed to provide the Court with the evidence necessary to show an extraordinary and compelling circumstances to warrant compassionate release.

B.     **Cope's claims regarding sentencing disparities do not meet the standard for sentence reduction.**

Next, Cope contends that a reduction of the period of incarceration originally imposed is appropriate because he is serving an unduly long sentence. Cope claims he has received two 120-month consecutive sentences for one § 924(c) conviction. That assertion, however, is

incorrect.  The defendant's Presentence Investigation Report ("PSR") indicates that he was convicted of one § 924(c) offense which a carried a minimum sentence of 120 months and a maximum sentence of life.  The Court imposed a sentence of 240 months to account for the fact that there were two victims.  Still, Cope claims that "[a]t sentencing, Judge Coffman specifically noted that she was giving me two separate sentences because she thought the law was changing and if it did not, I would be able to shed one of them."  [Record No. 33 at p. 11] Cope's PSR shows that he was not given multiple sentences but, as the United States correctly states, was sentenced to 240 months, 120 months for each victim.  [Record No. 479]

Cope also argues that, if sentenced today, he would receive no more than a 20-year statutory maximum under the First Step Act because an individual cannot have § 924(c) charges stacked.  Cope's charges were not stacked and thus his contention is unsupported. However, even if he were correct regarding the stacking claim, his argument would fail because, as noted previously, "[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis."  *United States v. McCall*, 56 F.4th 1048, 1065 (6th Cir. 2022).

**C.     The relevant sentencing factors of 18 U.S.C. § 3553(a) do not support a reduced sentence.**

Finally, the undersigned concludes that a reduced sentence is not warranted when the § 3553(a) factors are considered.  Cope's crimes are extremely serious.  He and his brother conspired to kill several individuals with the goal of obstructing justice in a proceeding against him for another serious crime.  His actions posed a significant danger to the target individuals as well as the community at large.

Cope contends that at this point, he is "not a danger to anyone or to the community." [Record No. 639 at p. 13] He states that he has "served almost 26 years of [his] sentence, and the Bureau of Prisons has recognized for most of the 26 years that [he] has a minimum chance of recidivism." *Id.* Cope further argues that his risk of recidivism is "below zero" and that he has spent the "past 20+ years trying to help others" and offers numerous affidavits of prisoners expressing that Cope has helped them as a tutor and mentor. *Id.*

While the Court commends Cope efforts at self-improvement and the help he provides to others, a 567-month term of imprisonment is a just punishment in this case. The Court remains satisfied that the sentence is sufficient to: (i) reflect the seriousness of Cope's crimes; (ii) provide a just punishment; (iii) afford adequate deterrence to future potential criminal conduct; and (iv) protect the public.

### III.

Cope also has filed a motion to submit updated exhibits in support of his request for compassionate release. [Record No. 648] The Court has reviewed the supporting documents provided by Cope as part of its analysis regarding this matter. However, the information contained in the documents does not alter the Court's conclusion that the defendant's request for a reduced sentence should be denied.

### IV.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1.    The defendant's motion for compassionate release [Record No. 639] is **DENIED**.

2.    The defendant's motion to provide updated exhibits for his compassionate release request [Record No. 648] is **GRANTED.**

Dated: February 6, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky